# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY STRAW,<br><br>                  Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                  Defendant. | Case No. EDCV 12-01280-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On August 14, 2012, Ray Straw ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on November 15, 2012. On February 13, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 47 year old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on July 14, 2006. (AR 8.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 2, 2002, the alleged onset date of his disability. (AR 10.)

Plaintiff's claims were denied initially on September 14, 2006, and on reconsideration on February 16, 2007. (AR 8.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") F. Keith Varni on March 28, 2008, in San Bernardino, California. (AR 8.) The ALJ issued an unfavorable decision on August 19, 2008. (AR 8-13.) The Appeals Council denied review on January 16, 2009. (AR 1-3.)

Litigation ensued in this Court with a complaint filed by Plaintiff on March 16, 2009 (Civil Docket # 5:09-CV-00511-JEM), and on June 8, 2010, this Court reversed the 2008 hearing decision and remanded the case for further proceedings with regard to credibility, developing the record, and considering all impairments in combination. (AR 351-62.) The Appeals Council remanded the case for further proceedings consistent with this Court's decision on August 28, 2010. (AR 347-50.)

ALJ Tamara Turner-Jones conducted a second hearing on March 2, 2011. (AR 364-426.) She subsequently granted a partially favorable decision on March 22, 2011. (AR 455-69.) She granted benefits for a closed period, from February 6, 2003, through February 7, 2008, but denied benefits thereafter. (AR 464-5.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

    1.     Whether the ALJ properly assessed Plaintiff's credibility.

    2.     Whether the ALJ properly considered Plaintiff's residual functional capacity ("RFC").

    3.     Whether the ALJ properly developed the record.

    4.    Whether the ALJ properly considered the February 2010 treating source statement at AR 601.

    5.    Whether the ALJ properly considered Plaintiff's severe impairment at Step 2.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has

established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support

a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE LEGAL STANDARDS REGARDING MEDICAL IMPROVEMENT

The ALJ found Plaintiff to be disabled from February 6, 2003, through February 7, 2008. (AR 464-465.) The ALJ also found that medical improvement occurred as of February 8, 2008 (AR 465), and that Plaintiff's disability ended on that date. (AR 468.) Plaintiff challenges the ALJ's decision in regard to the period beginning February 8, 2008.

"Once a claimant has been found to be disabled, . . . a presumption of continuing disability arises in her favor[, and the Commissioner] bears the burden of producing evidence sufficient to rebut this presumption of continuing disability." Bellamy v. Sec'y of Health & Human Serv., 755 F.2d 1380, 1381 (9th Cir. 1985); see also Murray v. Heckler, 722 F.2d 499, 500 (9th Cir. 1983) (disability benefits cannot be terminated without evidence of improvement which is reviewed under the substantial evidence standard).

A recipient whose condition has improved medically so that he is able to engage in substantial gainful activity is no longer disabled. 42 U.S.C. § 1382c(a)(4); 20 C.F.R § 416.994; Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1459 (9th Cir. 1995). A medical improvement is:

> [A]ny decrease in the medical severity of [a recipient's] impairment(s) which was present at the time of the most recent favorable medical decision that [the recipient was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the recipient's] impairment(s) . . . .

20 C.F.R § 416.994(b)(1)(i), (2)(i).

5

The ALJ applied and followed the eight-step evaluation process set forth in 20 C.F.R. § 416.994 for Title II claims to determine if a claimant continues to be disabled.

At step one, the ALJ must determine if Claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1).

At step two, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). If the claimant does, his disability continues (20 C.F.R. § 416.994(b)(5)(i)).

At step three, the ALJ must determine whether medical improvement has occurred (20 C.F.R. § 416.994(b)(5)(ii)). Medical improvement is any decrease in medical severity of the impairment(s) as established by improvement in symptoms, signs, and/or laboratory findings (20 C.F.R. § 416.994(b)(1)(i)). If medical improvement has occurred, the analysis proceeds to the fourth step. If not, the analysis proceeds to the fifth step.

At step four, the ALJ must determine whether medical improvement is related to the ability to work (20 C.F.R. § 416.994(b)(5)(iii)). Medical improvement is related to the ability to work if it results in an increase in the claimant's capacity to perform basic work activities (20 C.F.R. § 416.994(b)(1)(iii)). If it does, the analysis proceeds to the sixth step.

At step five, the ALJ must determine if an exception to medical improvements applies (20 C.F.R. § 416.994(b)(5)(iv)). There are two groups of exceptions (20 C.F.R. § 416.994(b)(3) and (b)(4)). If one of the first group exceptions applies, the analysis proceeds to the sixth step. If one of the second group exceptions applies, the claimant's disability ends. If none apply, the claimant's disability continues.

At step six, the ALJ must determine whether all the claimant's current impairments in combination are severe (20 CFR § 416.994(b)(5)(v)). If all current impairments in combination do not significantly limit the claimant's ability to do basic work activities, the claimant is no longer disabled. If they do, the analysis proceeds to step seven.

At step seven, the ALJ must assess the claimant's residual functional capacity based on the current impairments and determine if she can perform past relevant work (20 CFR

§ 416.994(b)(5)(vi)). If the claimant has the capacity to perform past relevant work, her disability has ended. If not, the analysis proceeds to step eight.

At step eight, the ALJ must determine whether other work exists that the claimant can perform, given her residual functional capacity and considering her age, education, and past work experience (20 CFR § 416.994(b)(5)(vii)). If the claimant can perform other work, she is no longer disabled. If the claimant cannot perform other work, her disability continues. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given her residual functional capacity, age, education, and work experience.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 2, 2002, the alleged onset date. (AR 463.)

At step two, the ALJ determined that Plaintiff has the following severe dermatological impairments: Schamberg's dermatitis cellulitis bilateral plantar cysts, mild degenerative left knee joint disease, and hypertension. (AR 463.)

At step three, the ALJ determined that beginning on February 8, 2008, Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 465.)

The ALJ then found that beginning on February 8, 2008, Plaintiff has the RFC to perform light work with the following limitations:

> Lift and carry twenty pounds occasionally and ten pounds frequently, sit six hours in an eight-hour workday, stand and walk two hours in an eight hour workday, alternate between sitting and standing in one hour intervals, occasionally kneel, stoop, crawl and crouch, never climb ladders, ropes or scaffolds, occasionally climb ramps and stairs, no restriction on hands for fine manipulations, and avoid exposure to extreme temperatures and concentrated contact with the skin of irritants such as cleaners.

(AR 466.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 466.)

At step four, the ALJ found that beginning on February 8, 2008, Plaintiff is unable to perform his past relevant work as a cleaner, driver, kitchen helper, and maintenance supervisor. (AR 467.) At step five, however, the ALJ found that there are also jobs that exist in significant numbers in the national economy that Claimant can perform, including cashier, food and beverage order clerk and assembler. (AR 468.)

Consequently, the ALJ found Claimant's disability ended on February 8, 2008. (AR 468.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

### I. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ improperly discounted his credibility. The Court disagrees.

#### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v. Chater, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of

malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC , the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 466.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms are not credible to the extent inconsistent with the ALJ's RFC. (AR 466.) Because the ALJ did not make a finding of malingering, she was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. The ALJ did so.

First, the ALJ found that Plaintiff's allegations of disabling symptoms were not credible because the medical evidence on which the ALJ's RFC is based established medical improvement. (AR 465, 466.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's subjective symptom testimony so long as it is not the only reason for discounting the claimant's testimony. Burch v. Barnhart, 400 F.3d 676, 680-681 (9th Cir. 2005). Here, the ALJ found that Claimant's dermatitis had improved clinically and symptomatically as of February 8, 2008, and had been stable since. (AR 465.) The ALJ found a clear and significant decrease in the signs and symptoms due to Claimant's dermatitis. (AR 465.) Substantial evidence supports these findings. On February 7, 2008, Plaintiff reported that, while still in pain, his feet were in the "best condition they have ever been." (AR 464.) Plaintiff's dermatitis was stable and improved with various skin and pain medications and with orthotic shoes. (AR 464.) Impairments that can be treated effectively are not disabling. Warre v. Comm'r of Soc. Sec. Adm., 439 F.3d 1001, 1006 (9th Cir. 2006). As for Plaintiff's knees, he has mild degenerative disease in both knees (AR 465), but his functional mobility and balance

are fair (AR 465), and he does not need an assistive device (AR 465) or orthopedic surgery. (AR 464.) Claimant's hypertension was found readily controllable. (AR 463.)

Second, the ALJ found Plaintiff's testimony undermined by conservative treatment, including medication, orthotic shoes, and a physician's finding that he did not need orthopedic surgery. (AR 464.) Conservative treatment is a valid basis for discounting a claimant's credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008).

Third, the ALJ found that Plaintiff's activities of daily living were inconsistent with his claimed limitations, which is a legitimate factor in assessing credibility. Bunnell, 947 F.2d at 345-46. Here, the ALJ found that, while Claimant can stand and walk only occasionally and might have to alternate sitting and standing, "he admitted he could walk a maximum of 100 yards at a steady pace and get out and shop independently as needed and that he did not need to use a cane." (AR 467.) He testified at the hearing he takes out the trash and does his own laundry. (AR 378.)

Fourth, the ALJ found that Plaintiff's testimony regarding medication side effects was never reflected in any treatment records. (AR 467.) Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985) (no clinical evidence of medication side effects). Even passing mentions of side effects are insufficient unless they are severe enough to interfere with claimant's ability to work. Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001). The ALJ's rejection of Plaintiff's medication side effects testimony was reasonable and based on substantial evidence.

Plaintiff disputes the ALJ's interpretation of the record evidence, but it is the ALJ who is responsible for resolving conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.

## II. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ's RFC did not take into account his pain and limitations testimony. This is plainly untrue. The ALJ considered and then discounted Plaintiff's credibility. The Court has determined that the ALJ properly discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence. Plaintiff's contention is moot.

Also untrue is Plaintiff's contention that the ALJ's RFC is not based on any medical opinion for the period beginning February 8, 2008. The ALJ relied on medical evidence to determine that Plaintiff had achieved medical improvement on February 8, 2008. The ALJ's opinion makes numerous references to post-February 8, 2008, medical evidence. (AR 463, 464, 465.)

## III. THE ALJ PROPERLY DEVELOPED THE RECORD

Plaintiff next contends that the ALJ failed to properly develop the record. In particular, Plaintiff contends that there were no medical source opinions about Plaintiff's functional limitations other than those rejected by this Court in its prior opinion. These contentions lack merit.

An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001). Here, the ALJ properly found the record sufficient to evaluate whether Plaintiff was disabled, and there is no indication that the ALJ did not obtain all relevant medical records from Plaintiff's treating and examining sources.

This Court, moreover, did not reject medical opinions in the prior opinion. It stated that the record concerning Plaintiff's Schamberg's disease was not properly developed. On remand, the ALJ further developed the record (AR 530-617) and then considered all available medical evidence in evaluating that medical condition.

The ALJ did not err in failing to develop the record further.

## IV. THE ALJ PROPERLY REJECTED THE TREATING SOURCE OPINION AT AR 601

Plaintiff contends that the ALJ improperly rejected the opinion of treating physician Dr. Sayuri Tokutake. The Court disagrees.

### A. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews, 53 F.3d at 1041; Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining

physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B. Analysis

Dr. Tokutake in but a single treatment note reported that Plaintiff was temporarily incapacitated for six months and that Plaintiff "may benefit from permanent disability if [no] improvement [in] Schamberg's dermatitis and ganglion cysts." (AR 601.) Dr. Tokutake did not opine Plaintiff was disabled, only that Plaintiff would be disabled if there was no improvement. The ALJ gave Dr. Tokutake's opinion "no weight" because it was "purely speculative." (AR 467.)

The ALJ rejected Dr. Tokukake's opinion for specific, legitimate reasons. An ALJ need not accept a treating physician's opinion if it is brief, conclusory and inadequately supported by medical evidence. Thomas, 278 F.3d 947, 957. That certainly was the case here, with Dr. Tokutake's "what if" speculation that, as it turns out, did not eventuate. The linchpin of the ALJ's decision is that Plaintiff's Schamberg's disease did improve. (AR 464-467.)

## V. THE ALJ'S STEP TWO FINDING WAS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ found that at all times relevant to the decision, Claimant had the severe impairment of mild degenerative left knee joint disease. (AR 463.) Plaintiff suggests that the ALJ erred by not evaluating the severity of his right knee. There is medical evidence that both knees have mild degenerative joint disease. (AR 541, 548, 554.)

The ALJ's failure to state that Plaintiff's right knee impairment was severe, however, was harmless error. Tommasetti, 533 F.3d at 1038 (error is harmless if inconsequential to the ultimate non-disability determination). Had the ALJ not considered Plaintiff's right knee impairment and not proceeded to steps three, four and five of the sequential evaluation

process, there would have been reversible error. The ALJ, however, fully discussed both knees, citing record evidence of mild degenerative disease in both knees. (AR 465.) The ALJ cited record evidence that, despite both impairments, Plaintiff's functional mobility and balance were fair. (AR 465.) The ALJ also found that there was no indication that Plaintiff needs an assistive device for ambulation or that his gait and station are markedly impaired for other than prolonged walking and standing. (AR 465.) The ALJ further discounted Plaintiff's alleged inability to walk for reasons already discussed. The ALJ's omission of any severity finding regarding the right knee was inconsequential to the ultimate non-disability determination and thus harmless error.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: April 11, 2013             */s/ John E. McDermott*
                                                JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE